Hillsborough,
No. 4885.

MARCEL SIROIS *v.* ROBERT H. LAQUERRE & a.

Argued November 3, 1960.

Decided November 30, 1960.

114

*Earley & Flynn* and *Margaret Q. Flynn* (*Mrs. Flynn* orally), for the plaintiff.

*Wiggin, Nourie, Sundeen, Nassikas & Pingree* and *Dort S. Bigg* (*Mr. Bigg* orally), for the defendants.

DUNCAN, J. A major issue at the trial was whether the plaintiff sustained permanent injury to his back as a result of the fall which he suffered. Dr. Friborg, whom the plaintiff called as a witness, testified that he did suffer permanent injury. Upon cross-examination the doctor explained the plaintiff's failure to seek "medical relief of some kind from somebody before a year and eight months had elapsed" after his discharge by another physician, by answering that the plaintiff could "stand pain, I am sure, better than most of us would."

Dr. Sullivan, called by the defendants, testified that on September 14, 1956 he had examined the plaintiff for the defendants and that his examination disclosed no abnormalities; that any pain which the plaintiff had suffered in August and September was not caused by the accident; and that the plaintiff had completely recovered from any injury which resulted from it.

On cross-examination this witness testified that he "couldn't find" any source of the complaints which the plaintiff had made in August and September; that he had examined him for the purpose of testifying and was paid for the examination; and that for appearing as a witness he was "getting an expert's fee." To the question

"How much are you getting?" he answered: "It has been my intention to send a bill in the amount of fifty dollars."

In argument to the jury plaintiff's counsel referred to the cross-examination of Dr. Sullivan, and commented with respect to the answer that he "intended" to charge fifty dollars: "It would appear conjectural from what he said as to whether he was going to get more or less depending upon the appreciation and generosity of the defendants' attorney." Opposing counsel interjected: "I think that certainly is most unfair argument." The Trial Court immediately ruled: "It may be stricken"; and directed the jury to disregard it. Plaintiff's counsel then withdrew the argument, and continued: "What sort of examination . . . do you suppose this hired doctor performed on the plaintiff if he was doing it to come in here and testify for the defendant?"

At this point defendants' counsel stated, "I will have to move for mistrial." The Trial Court however instructed the jury to "disregard" the argument and "strike it from your minds and pay no attention . . . withdraw it from your minds." After further colloquy the substance of these instructions was reiterated and the jury was told to "disregard the inference that is made." No exception was taken by the defendants to what thus transpired.

Plaintiff's argument proceeded, and a second motion for mistrial was made following certain argument which defendants' counsel asserted was "not substantiated by the evidence." Since the exception to denial of this motion has not been briefed or argued in this court, it is considered waived.

Following completion of the arguments, in the course of discussion of still a third motion for mistrial described below, defendants' counsel referred to his "motion for mistrial" with respect to "the inference drawn from Doctor Sullivan's being paid" and stated that he was "claiming an exception there." The Court then ruled "I will deny your motion . . . and save your exception."

In submitting the case to the jury the Court instructed them that if counsel had misquoted the evidence to "dismiss it from [their] minds" and take their own recollection of it. The jurors were also instructed to decide the case "not on the basis of sympathy or prejudice" but according to the evidence, and the law as given by the Court.

The first motion for mistrial, which followed the argument concerning the nature of Dr. Sullivan's examination of the plaintiff, was referred to when renewed as "the motion . . . on the ground

of the . . . inference drawn from Doctor Sullivan's being paid." Interpreting the motion as extending to both portions of the argument concerning Dr. Sullivan, we nevertheless are of the opinion that no ground for new trial is presented.

The defendants have argued in this court that the first portion of the argument, which was withdrawn, implied a charge of subornation of perjury, or suggested that the witness had perjured himself in response to some undertaking by counsel to pay a fee measured by the favorable effect of the testimony. It is doubted that the jurors would have drawn such a sinister inference from what was said. The witness' answer suggested uncertainty as to what fee he would receive, without indicating whether this was because he might decide not to charge what he had been considering, or because he apprehended that a different charge might be suggested. The propriety of the argument was clearly questionable if open to the interpretation that the amount to be paid was to depend upon the character of the witness' testimony, rather than upon consideration of an appropriate fee for the services of an expert witness. But whatever inference could be drawn from this argument, it was stricken, the jury was explicitly directed to disregard it, and it was withdrawn by counsel. The record contains a finding that the verdict was not affected by it, and no error should be predicated upon it in this court.

The motion for mistrial was provoked by the query by plaintiff's counsel as to the probable nature of Dr. Sullivan's examination of the plaintiff. This was doubtless in reply to argument for the defendants that Dr. Sullivan had found "no evidence remaining of any injury," and that the "evidence of any injury . . . is terribly, terribly weak." The reply suggested that failure to discover evidence of injury may have been due to lack of thoroughness in the medical examination. Although this might be considered legitimate argument, the jury was instructed to disregard the argument, and "the inference that is made."

The exception to denial of the motion is overruled, in view of the several instructions to disregard the argument, the further precautionary instructions given when the case was submitted to the jury, and the subsequent denial of the motion to set the verdict aside upon the specific ground that the plaintiff's argument with respect to Dr. Sullivan's testimony was prejudicial. We do not consider that any "poison injected into the minds of the jury . . . was so virulent" as to be incurable as a matter of law. *Davidson* v.

*Corporation,* 89 N. H. 535, 538. See also, *Lamarche v. Granite State &c. Ins. Co.,* 101 N. H. 210, 213; *Kelley v. Lee,* 89 N. H. 100, 105; *Abbott v. Ladd,* 85 N. H. 541; *Wilcomb v. Duston,* 82 N. H. 180.

The other motion for mistrial which is before us was made after counsel for the plaintiff argued that "with six mouths to feed, [the plaintiff] worked under circumstances of pain according to Doctor Friborg." On that occasion, at the Court's suggestion, the argument proceeded to a conclusion before the motion was acted upon. In the meantime, in concluding his argument plaintiff's counsel said: "My brother calls my attention to the fact that I said something about six mouths to feed, and that was unfair. I want to withdraw that if I may . . . I ask you gentlemen . . . to ignore anything that may have been said by me as an appeal to your emotions or sympathy and guide yourselves simply and solely on the logic of your good common sense . . . . " The motion for mistrial was thereafter denied subject to exception.

The exception to the denial of this motion for mistrial is also overruled. The argument that the plaintiff "had six mouths to feed" was explicitly withdrawn by counsel, although it might have been considered a proper explanation of the plaintiff's continuance in his employment despite the pain which he claimed to have suffered. *Cf. Woodman v. Peck,* 90 N. H. 292; *Sweeney v. Willette,* 98 N. H. 512. It was not in the category of the argument considered in *Smith v. Railroad,* 88 N. H. 430, relied upon by the defendants. By denying the motion to set aside the verdict, which was expressly based upon this argument also, the Trial Court found that the argument, if improper, had not rendered the trial unfair.

The record as a whole presents no occasion to set the verdict aside. The Court found that the jury was not influenced by passion or prejudice. Any degree of prejudice inherent in the plaintiff's argument was not so great as to be incapable of cure by the various instructions which were given to the jury. *Wilcomb v. Duston, supra; Smith v. Bailey,* 91 N. H. 507; *Lampesis v. Travelers Ins. Co.,* 101 N. H. 323; *Emerson v. Cobb,* 88 N. H. 199.

Finally, the defendants have advanced the argument that a finding by the Superior Court that a trial was fair, made in denying a motion to set aside a verdict, should be accorded little weight particularly when it follows denial of a motion for mistrial; because the court in effect may thereby be permitted to support its own error. This argument cannot be accepted. It ignores the vital fact that the Superior Court is then in a position to appraise

the matters which gave rise to the motion for mistrial in the light of the completed trial as a whole, and of the verdict which it has produced. We see no occasion to anticipate that a presiding justice would view a motion to set aside the verdict as an opportunity to fortify prior rulings because they might be open to attack upon appeal.

Other exceptions transferred have been neither briefed nor argued and are considered waived.

*Judgment on the verdict.*

All concurred.